AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED
*July 31, 2026*
Nathan Ochsner, Clerk of Court

United States of America
v.
Luis Alvarez-Pineda

*Defendant(s)*

Case No. **4:26-mj-510**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of July 28, 2026 in the county of Fayette in the Southern District of Texas, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326 (a) and (b) | a native and citizen of Mexico, and an alien who had been previously deported from the United States, subsequent to having been convicted of a crime defined as a felony, was found unlawfully in the United States, the said defendant having not obtained the consent before March 2003 from the Attorney General of the United States to reapply for admission into the United States; and without having obtained corresponding consent after February 2003 from the Secretary of Homeland Security pursuant to 6 U.S.C. §§ 202 (3) and (4) and 6 U.S.C. § 557, |

This criminal complaint is based on these facts:

See Attached Affidavit in support of the Criminal Complaint

☑ Continued on the attached sheet.

*Complainant's signature*

Adam Khalil, ICE Deportation Officer
*Printed name and title*

Sworn to me telephonically.

Date: 07/31/2026

*Judge's signature*

City and state: Houston, Texas

Hon. Christina A. Bryan, United States Magistrate Judge
*Printed name and title*

4:26-mj-510

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Adam Khalil, being duly sworn by telephone, hereby depose and say:

(1) I am currently serving as a Deportation Officer with Immigration and Customs Enforcement (ICE), a position I have held since April 15, 2018. I possess over eight years of experience in immigration law enforcement.

(2) On July 28, 2026, ICE became aware that Luis Alvarez-Pineda (hereinafter "Defendant") was unlawfully present in the United States following a traffic stop conducted by 287(g) Task Force Officers in Fayette County, Texas. On July 28, 2026, Defendant was brought into ICE custody at the Montgomery Processing Center (MPC) in Conroe, TX.

(3) On July 29, 2026, ICE identified the Defendant as being amenable to prosecution for violation of 8 U.S.C. § 1326(a) and (b).

(4) The Defendant's fingerprints have been taken and electronically submitted to various law enforcement databases. According to the Integrated Automated Fingerprint Identification System (IAFIS), the Defendant is the same individual as the person referred to in this Affidavit as having been previously deported and convicted.

(5) Based upon the information from ICE's records as described below, and my training and experience, I submit that there is probable cause to believe that the Defendant is in violation of 8 U.S.C. § 1326(a) and (b).

(6) Element One: The Defendant is a citizen and national of Mexico and not a native, citizen or national of the United States.

(7) Element Two: The Defendant has previously been deported or removed from the United States on the following occasion(s):

1. Removed 04/05/2024

(8) Element Three: After deportation, the Defendant was subsequently found in the United States on or about July 28, 2026 in Fayette County, Texas which is within the Houston Division of the Southern District of Texas. Additionally, I conducted a system query in the Alien Criminal Response Information Management System (ACRIMEe), to determine whether, in the past five years and after the Defendant's last deportation, the Defendant had been encountered by

law enforcement prior to the date specified earlier in this paragraph. On July 29, 2026, ACRIMEe returned negative results.

(9) Element Four: The Defendant did not have permission to re-enter the United States. On July 29, 2026, I reviewed the contents of the Alien File associated with this Defendant and/or available database information. I found no indication that the Defendant has ever received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the United States.

(10) Prior criminal history:

a. On August 16, 2022, the Defendant, was convicted in the in the Circuit Court Branch 4, Brown County, Wisconsin, for the offense of 2ND DEGREE RECKLESSLY ENDANGERING SAFETY, under case number: 2021CF000747. For this offense, a felony, the Defendant was sentenced to 12 months confinement.
b. On August 16, 2022, the Defendant, was convicted in the in the Circuit Court Branch 4, Brown County, Wisconsin, for the offense of 4TH DEGREE SEXUAL ASSAULT, under case number: 2021CF000747. For this offense, a felony, the Defendant was sentenced to 90 days confinement.

On July 30, 2026, I contacted the U.S. Attorney's Office, Southern District of Texas, Houston Division, concerning this criminal complaint. On or about that day, Assistant U.S. Attorney Luis Batarse accepted this case for prosecution for a violation of 8 U.S.C. § 1326(a) and (b).

Adam Khalil
Deportation Officer
United States Department of Homeland Security
U.S. Immigration & Customs Enforcement

Signed and sworn telephonically before me this 31st day of July 2026, and I find probable cause.

Hon. Christina A. Bryan
United States Magistrate Judge
Southern District of Texas